IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLORADO RIVER INDIAN TRIBES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-2212-JR |
| ) | |
| DIRK KEMPTHORNE, Secretary of the ) | |
| Interior, and HENRY M. PAULSON, JR., ) | |
| Secretary of the Treasury, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants hereby submit the following Answer to the First Amended Complaint (Docket No. ("Dkt.") 24).

Defendants specifically deny each and every allegation of the First Amended Complaint that is not admitted, denied, qualified, or otherwise expressly addressed in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the First Amended Complaint.

## NATURE OF ACTION

1. The allegations in Paragraph 1 constitute Plaintiff's characterizations of its case to which no response is required.

## PARTIES

2. As to the allegations in Paragraph 2, Defendants admit that the Colorado River Indian Tribes (hereafter "Plaintiff" or "CRIT") is a federally recognized Indian tribe organized pursuant to the Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C. § 461 et seq. Defendants aver that the remaining allegations are Plaintiff's legal characterizations and

conclusions to which no response is required.

3. As to the allegations in Paragraph 3, Defendants admit that Dirk Kempthorne is the Secretary of the Interior, and they aver that the remaining allegations constitute Plaintiff's legal characterizations and conclusions to which no response is required.

4. As to the allegations in Paragraph 4, Defendants admit that Henry Paulson, Jr. is the Secretary of the Treasury, and they aver that the remaining allegations constitute Plaintiff's legal characterizations and conclusions to which no response is required.

## JURISDICTION AND VENUE

5. Paragraph 5 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

6. Paragraph 6 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

## PLAINTIFF'S ALLEGATIONS

7. Defendants admit the allegations in Paragraph 7.

8. As to the allegations in the first sentence of Paragraph 8, Defendants admit that the Colorado River Indian Reservation (hereafter "Reservation") was established by an Act of Congress dated March 3, 1865; that it was expanded by Executive Orders dated November 22, 1873, November 16, 1874, and May 15, 1876; and that the southern boundary was confirmed by Public Law 109-47. As to the allegations in the second sentence, Defendants admit that the Reservation consists of almost 270,000 acres of land, located along both sides of the Colorado

River in Arizona and California; that CRIT is beneficial owner of certain lands within the Reservation; and that the United States holds title to these lands in trust for the benefit of CRIT. The allegation about Plaintiff "occupying" the Reservation is vague and ambiguous such that Defendants are unable to formulate an adequate response thereto. The referenced Acts of Congress, Executive Orders, and Public Law speak for themselves and are the best evidence of their contents.

9. As to the allegations in the first sentence of Paragraph 9, Defendants admit that CRIT is beneficial owner of certain land and natural resources, including sand and gravel, within the Reservation that the United States holds in trust for CRIT's benefit. As to the allegations in the second sentence, Defendants admit that the Reservation lands include those used for agricultural purposes. As to the allegations in the third sentence, Defendants admit that the Colorado River Indian Tribes' Irrigation Project and the Headgate Rock Hydroelectric Power Plant, which generates electrical power, are located within the exterior boundaries of the Reservation. Defendants aver that the remaining allegations in this paragraph are vague and ambiguous or that the allegations are Plaintiff's characterizations and conclusions of law to which no response is required.

10. The allegations in Paragraph 10 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited or referenced Act or Acts speak for themselves and are the best evidence of their contents.

11. The allegations in Paragraph 11 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited or referenced Act or Acts speak for themselves and are the best evidence of their contents.

12. As to the allegations in the first sentence of Paragraph 12, Defendants aver that the Secretary of the Interior shares control and management of Plaintiff's trust property with Plaintiff and deny that the Secretary of the Treasury exercises any control over or manages Plaintiff's trust property. As to the allegations in the second sentence, Defendants admit that, from time to time, pursuant to the Secretary of the Interior's authority, the Secretary has approved Tribal leases, easements, and other grants of interest in Plaintiff's trust lands, under certain circumstances. As to the allegations in the third and fourth sentences, Defendants aver that the Secretary of the Interior shares control with Plaintiff in the conduct and management of the collection, deposit, and investment of income derived from Plaintiff's trust lands assets, such as funds derived from sand and gravel bid deposits, bonuses, rents, lease and royalty payments, agricultural leases, and judgments paid to Plaintiff. Defendants aver that the remaining allegations in Paragraph 12 are Plaintiff's characterizations and conclusions of law to which no response is required.

13. The allegations in Paragraph 13 are Plaintiff's characterizations and conclusions of law to which no response is required. The cases cited in Paragraph 13 speak for themselves and are the best evidence of their contents.

14. The allegations in Paragraph 14 are Plaintiff's characterizations and conclusions of law to which no response is required.

15. The allegations in Paragraph 15 are Plaintiff's characterizations and conclusions of law to which no response is required. Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.

16. The allegations in Paragraph 16 are Plaintiff's characterizations and conclusions

of law to which no response is required.

17.     As to the allegations in the first sentence of Paragraph 17, Defendants deny that they have exclusive control over all the books and records of accounts relating to trust funds and trust property and/or assets used for the benefit of Plaintiff.  Defendants aver that the Secretary of the Interior has shared or shares control over the books and records relating to Plaintiff's trust funds and trust property with Plaintiff in accordance with applicable laws, statutes, regulations, or agreements of the parties.  As to the allegations in the second and third sentences, Defendants aver that "reliable, accurate or complete accounting" and "regular or periodic accounting," as used by Plaintiff, is vague and ambiguous, see generally, Bogert & Bogert, Trusts and Trustees §§ 965-68 (rev. 2d ed. 1982)(noting differences in accounting standards across various jurisdictions), and that, as a result, Defendants are unable to formulate a specific response to the allegations.  Subject to the foregoing averment, however, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.  Defendants also aver that the Department of the Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) in 1996, a report entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Colorado River Indian Tribes for Fiscal Years 1973-1992," which set forth the results of Interior's project to reconcile Plaintiff's trust accounts for Fiscal Years 1973-1992; (c) in November 1997, a report entitled "Report on Applying Agreed-Upon Procedures and Consulting Services for Colorado River Indian Tribes;" and (d) from 1995 to the present, periodic statements of performance for Plaintiff's trust fund monies received by the Interior Department.  Furthermore, Defendants aver

that Plaintiff was furnished with financial and accounting data and documentation as part of the proceedings and settlement of Plaintiff's accounting claims in Colorado River Indian Tribes v. United States, 618 F.2d 124 (Ct. Cl. 1979)(original Indian Claims Commission Docket No. 283-B), and Cheyenne-Arapaho Tribes, et al. v. United States, 652 F.2d 70 (Ct. Cl. 1981)(original Indian Claims Commission Docket No. 343-70).  Defendants deny the remaining allegations in the second and third sentences or aver that the remaining allegations are Plaintiff's characterizations and conclusions of law, to which no response is required.  Defendants deny the allegations in the fourth sentence and aver that the Interior Department has provided to Plaintiff documents and data relating to Plaintiff's trust funds and trust property.

18.    As to the allegations in Paragraph 18, Defendants aver that the United States House of Representatives, the General Accounting Office, and the Inspector General of the Interior Department have made certain findings relating to the Indian trust.  The results of those findings speak for themselves and are the best evidence of their contents.

19.    The allegations in the first sentence of Paragraph 19 are vague and ambiguous and, as a result, Defendants are unable to formulate a specific response to the allegations.  As to the allegations in the second sentence, Defendants aver that the phrase "reliable, accurate or complete accounting" as used by Plaintiff, is vague and ambiguous, see generally, Bogert & Bogert, Trusts and Trustees §§ 965-68, and that, as a result, Defendants are unable to formulate a specific response to the allegations.  Subject to the foregoing averment, however, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.  Defendants also aver that the Department of the Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980

to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) in 1996, a report entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Colorado River Indian Tribes for Fiscal Years 1973-1992," which set forth the results of Interior's project to reconcile Plaintiff's trust accounts for Fiscal Years 1973-1992; (c) in November 1997, a report entitled "Report on Applying Agreed-Upon Procedures and Consulting Services for Colorado River Indian Tribes;" and (d) from 1995 to the present, periodic statements of performance for Plaintiff's trust fund monies received by the Interior Department.  Furthermore, Defendants aver that Plaintiff was furnished with financial and accounting data and documentation as part of the proceedings and settlement of Plaintiff's accounting claims in Colorado River Indian Tribes v. United States, 618 F.2d 124 (Ct. Cl. 1979)(original Indian Claims Commission Docket No. 283-B), and Cheyenne-Arapaho Tribes, et al. v. United States, 652 F.2d 70 (Ct. Cl. 1981)(original Indian Claims Commission Docket No. 343-70).  Defendants deny the remaining allegations in the second sentence or aver that the remaining allegations are Plaintiff's characterizations and conclusions of law, to which no response is required.  The cited report speaks for itself and is the best evidence of its contents.

20.    The allegations in Paragraph 20 are Plaintiff's characterizations and conclusions of law to which no response is required  The cited statutes speak for themselves and are the best evidence of their contents.  Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.

21.    The allegations in Paragraph 21 are Plaintiff's characterizations and conclusions of law to which no response is required  The cited statutes speak for themselves and are the best evidence of their contents.

Case 1:06-cv-02212-JR    Document 30    Filed 03/14/2008    Page 8 of 17

22. The allegations in Paragraph 22 are Plaintiff's characterizations and conclusions of law to which no response is required  The cited statutes speak for themselves and are the best evidence of their contents. Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.

23. As to the allegations in Paragraph 23, Defendants admit that the Inspector General of the Interior Department, the General Accounting Office, and the Office of Management and Budget have issued reports regarding the Indian trust. Those reports, as well as the cited Cobell decisions, speak for themselves and are the best evidence of their contents. Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.

24. As to the allegations in Paragraph 24, Defendants admit that the Interior Department contracted with Arthur Andersen, LLP, in the early 1990s, to perform certain agreed-upon procedures and findings regarding certain Tribal trust fund accounts.

25. As to the allegations in the first and second sentences of Paragraph 25, Defendants admit that the Interior Department has provided to Plaintiff at least one copy of the report that it prepared, using the services of Arthur Andersen, LLP, entitled "Tribal Trust Funds Reconciliation Project, Agreed-upon Procedures and Findings Report for Colorado River Indian Tribes," and dated January 1996. As to the allegations in the third sentence, Defendants admit that the Interior Department has provided to Plaintiff at least one copy of other documents and data, including electronic images, relating to the agreed-upon procedures and findings performed for Plaintiff by Interior and Arthur Andersen, LLP. As to the fourth sentence, Defendants admit that Plaintiff has made at least one request to the Interior Department for the "Tribal Trust Funds

Reconciliation Project, Agreed-upon Procedures and Findings Report for Colorado River Indian Tribes," dated January 1996, and other associated materials. As to the fifth sentence, Defendants admit that, on or about October 31, 2006, in response to Plaintiff's request, John H. McClanahan, Program Manager for Tribal Trust Accounting, delivered a copy of the "Tribal Trust Funds Reconciliation Project, Agreed-upon Procedures and Findings Report for Colorado River Indian Tribes," dated January 1996, and other associated materials, on compact discs (CDs) and a digital video disc (DVD), to Plaintiff's counsel, Steven Gordon and Stephen McHugh.

26.     As to the allegations in Paragraph 26, the cited report speaks for itself and is the best evidence of its contents.

27.     The allegations in Paragraph 27 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited Acts and reports speak for themselves and are the best evidence of their contents.

28.     The allegations in Paragraph 28 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited General Accounting Office report speaks for itself and is the best evidence of its content.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 29.

30.     As to the allegations in Paragraph 30, Defendants aver that the phrase "legally required accounting," as used by Plaintiff, is vague and ambiguous, see generally, Bogert & Bogert, Trusts and Trustees §§ 965-968, and that, as a result, Defendants are unable to formulate a specific response to the allegations. Subject to the foregoing averment, however, Defendants

deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendants also aver that the Department of the Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) in 1996, a report entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Colorado River Indian Tribes for Fiscal Years 1973-1992," which set forth the results of Interior's project to reconcile Plaintiff's trust accounts for Fiscal Years 1973-1992; (c) in November 1997, a report entitled "Report on Applying Agreed-Upon Procedures and Consulting Services for Colorado River Indian Tribes;" and (d) from 1995 to the present, periodic statements of performance for Plaintiff's trust fund monies received by the Interior Department. Furthermore, Defendants aver that Plaintiff was furnished with financial and accounting data and documentation as part of the proceedings and settlement of Plaintiff's accounting claims in Colorado River Indian Tribes v. United States, 618 F.2d 124 (Ct. Cl. 1979)(original Indian Claims Commission Docket No. 283-B), and Cheyenne-Arapaho Tribes, et al. v. United States, 652 F.2d 70 (Ct. Cl. 1981)(original Indian Claims Commission Docket No. 343-70).

31.     As to the allegations in the first sentence of Paragraph 31, Defendants admit that the Headgate Rock Dam is located on the Colorado River within the exterior boundaries of the CRIT Reservation. Defendants admit the allegations in the second sentence.

32.     As to the allegations in the first sentence of Paragraph 32, Defendants admit that construction of Headgate Rock Dam was initiated in 1938 and completed in 1941. As to the allegations in the second sentence, Defendants assert that the phrase "operated by the BIA" as

used by Plaintiff herein, is vague and ambiguous, and that, as a result, Defendants are unable to formulate a specific response thereto. Defendants aver that the Headgate Rock Dam is managed pursuant to an Interagency Agreement between the Bureau of Indian Affairs ("BIA") and the Bureau of Reclamation ("BOR") of the Interior Department.

33.     Defendants admit the allegations in the first and second sentences of Paragraph 33. As to the allegations in the third sentence, Defendants aver Headgate Rock Dam consists of the dam structure and twelve gates. Of these gates, Gates 1 through 10 are "spillway gates" that operate collectively to control the water level behind, and the water flow through, the dam, while Gates 11 and 12 are "irrigation gates" that are situated at a higher elevation than the spillway gates and used to direct the water into the main irrigation canal. Defendants are without knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations, including the allegation regarding the "specific design" of the spillway gates.

34.     As to the allegations in the first sentence of Paragraph 34, Defendants aver that the CRIT Tribal Council requested BIA's assistance in the construction of hydroelectric power facilities associated with the Dam. Defendants admit the second sentence of Paragraph 34.

35.     Defendants admit the allegations in Paragraph 35.

36.     The allegations in Paragraph 36 concerning the power plant's purpose are Plaintiff's characterizations and/or conclusion of law to which no response is required. Defendants aver that 19,500 kilowatts is the capacity of the power plant and that the power plant's average annual production is approximately 80,000,000 kilowatt-hours.

37.     As to the allegations in Paragraph 37, Defendants admit that the construction of the power plant involved modifications to Gates 8-10, and that no modifications were made to

Gates 1 through 7 as part of the construction of the power plant.

      38.      The allegations in Paragraph 38 are Plaintiff's characterizations and legal conclusions to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

      39.      Defendants deny the allegations contained in Paragraph 39. Defendants aver that, pursuant to 25 U.S.C. § 385c, the revenues BIA collects as power revenues are deposited as miscellaneous receipts into the General Fund of the Treasury.

      40.      As to the allegations in Paragraph 40, Defendants admit that the BIA Colorado River Agency has received a letter from CRIT Tribal Chairman, Daniel Eddy, Jr., dated May 22, 2007, and Defendants aver that the letter speaks for itself and is the best evidence of its contents.

      41.      As to the allegations in the first sentence of Paragraph 41, Defendants admit that, on June 29, 2007, Perry Baker, Colorado River Agency Superintendent, sent a written response to Chairman Eddy, and Defendants aver that the letter speaks for itself and is the best evidence of its contents. As to the allegations in the second sentence, Defendants aver that the total cost of the spillway gates rehabilitation project is estimated to be in excess of $9,000,000.00.

      42.      As to the allegations in Paragraph 42, Defendants admit that the BIA Western Regional Office received a letter from Plaintiff's counsel, Stephen J. McHugh, dated July 26, 2007, and a document entitled "Statement of Reasons," dated August 31, 2007. These documents speak for themselves and are the best evidence of their contents.

      43.      As to the allegations in Paragraph 43, Defendants aver that the BIA Western Regional Office received a letter from Plaintiff dated October 30, 2007; Defendants deny the remaining allegations of Paragraph 43. Defendants aver that the BIA responded to Plaintiff's

letter dated July 26, 2007, with letters dated August 6, 2007 and August 8, 2007. The cited documents speak for themselves and are the best evidence of their contents.

44. As to the allegations in Paragraph 44, Defendants admit that the BIA Western Regional Office received letters from Plaintiff and Plaintiff's counsel, dated October 30 and November 14, 2007, respectively; Defendants deny the remaining allegations of Paragraph 44. Defendants aver that the BIA responded to Plaintiff's letter dated October 30, 2007, with a letter dated November 16, 2007. The cited documents speak for themselves and are the best evidence of their contents.

45. As to the allegations in Paragraph 45, Defendants admit that Allen Anspach is the Regional Director of the BIA Western Regional Office, and that Mr. Anspach sent a letter to Plaintiff, dated January 16, 2008. This document speaks for itself and is the best evidence of its contents.

46. As to the allegations in Paragraph 46, Defendants aver that Mr. Anspach's letter, dated January 16, 2008, speaks for itself and is the best evidence of its contents.

47. As to the allegations in Paragraph 47, Defendants aver that Mr. Anspach's letter, dated January 16, 2008, speaks for itself and is the best evidence of its contents.

## COUNT I

**Plaintiff's Allegations Regarding Declaratory Relief—Accounting**

48. Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1 through 47 above.

49. The allegations in Paragraph 49 are Plaintiff's characterizations and conclusions of law to which no response is required. To the extent a response is required, Defendants deny

the allegations.

50.     The allegations in Paragraph 50 are Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants specifically deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.

51.     The allegations in Paragraph 51 are Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny these allegations.  Defendants specifically deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.

52.     The allegations in Paragraph 52 are Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny these allegations.  Defendants specifically deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.

## COUNT II

**Plaintiff's Allegations Regarding Injunctive Relief—Accounting**

53.     Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1 through 52 above.

54.     The allegations in Paragraph 54 are Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny these allegations.  Defendants specifically deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.

55.     The allegations in Paragraph 55 are Plaintiff's characterizations and conclusions

of law to which no response is required.  To the extent a response is required, Defendants deny these allegations.  Defendants specifically deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.

## COUNT III

### Plaintiff's Allegations Regarding the Administrative Procedure Act

56.     Defendants incorporate by reference its responses to the allegations in Paragraphs 1 through 55 above.

57.     The allegations in Paragraph 57 are Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny these allegations.

58.     The allegations in Paragraph 58 are Plaintiff's characterizations and conclusions of law to which no response is required.  The cited statute speaks for itself and is the best evidence of its contents.

59.     The allegations in Paragraph 59 are Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny these allegations.

60.     The allegations in Paragraph 60 are Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny these allegations. Moreover, the cited statute speaks for itself and is the best evidence of its contents.

61.     The allegations in Paragraph 61 are Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny

these allegations.

The remainder of the First Amended Complaint consists of Plaintiff's prayer for relief, to which no response is required.

### AFFIRMATIVE DEFENSES

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly codified as 25 U.S.C. §§ 70 et seq.), bars those claims.

3. Plaintiff lacks constitutional and prudential standing to bring Count III of its First Amended Complaint.

4. This Court lacks jurisdiction over Count III of the First Amended Complaint, because Plaintiff possesses an adequate remedy in another forum.

5. The agency decision to which Plaintiff objects in Count III of the First Amended Complaint is committed to agency discretion and is not judicially reviewable.

6. The doctrines of laches, equitable estoppel, waiver and consent, and other equitable defenses bar Plaintiff's claims, in whole or in part.

7. To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, including, but not limited to, Colorado River Indian Tribes v. United States, 36 Ind. Cl. Comm'n 217 (1975), and Colorado River Indian Tribes v. United States, 39 Ind. Cl. Comm'n 42 (1976), the doctrines of *res judicata* and/or collateral estoppel bar those claims, in whole or in

part.

      8.      Plaintiff asserts claims over which this Court lacks jurisdiction.

      9.      Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 14th day of March, 2008,

>RONALD J. TENPAS
>Assistant Attorney General
>
>*/s/ Matthew M. Marinelli*
>MATTHEW M. MARINELLI, IL Bar # 6277967
>MARK BARRON, NM Bar # 24045
>ANTHONY P. HOANG, FL Bar #0798193
>United States Department of Justice
>Environment and Natural Resources Division
>P. O. Box 663
>Washington, D.C. 20044-0663
>Tel: (202) 305-0293
>Tel: (202) 305-0490
>Tel: (202) 305-0241
>Fax: (202) 353-2021
>
>OF COUNSEL:
>
>KENNETH DALTON
>JASON HARTZ
>DANIEL JACKSON
>United States Department of the Interior
>Office of the Solicitor
>Washington, D.C. 20240
>
>TERESA E. DAWSON
>Office of Chief Counsel
>Financial Management Service
>United States Department of the Treasury
>Washington, D.C.  20227