IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE COLORADO RIVER INDIAN TRIBES,<br><br>        Plaintiff,<br><br>        v.<br><br>DIRK KEMPTHORNE,<br>Secretary of the Interior, et al.<br><br>        Defendants. | Case No. 1:06cv02212-JR |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Colorado River Indian Tribes ("CRIT") respectfully files this brief as a supplement to Plaintiffs' Principal Brief in Opposition to Defendants' Motion to Dismiss, and to report on the status of its pending breach of trust case in the Court of Federal Claims ("CFC"): Colorado River Indian Tribes v. United States, No. 06-901L (Senior Judge Loren A. Smith).

**I.  CRIT Does Not Seek Monetary Relief in this Court**

In this case, CRIT seeks declaratory and injunctive relief requiring the United States to provide it with an accounting. CRIT does not seek any damages or monetary relief in this Court.

Defendants mischaracterize CRIT's accounting claims as a "thinly veiled" effort to obtain monetary relief or a restatement of trust accounts. Defendant's Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss at 37. Defendants assert, for example:

> All of the Complaints in these Tribal trust accounting cases allege breaches of
> trust and breaches of fiduciary duty by Defendants. Further, they seek, in some

1

fashion to have this Court . . . adjust Plaintiffs' trust account balances to remedy any shortfall.

*Id.* at 45-46. Defendants argue that "[t]his Court is without jurisdiction to entertain Plaintiffs' claims, because the claims are but a transparent attempt to have this Court provide an impermissible monetary award." *Id.* at 39. These hyperbolic assertions are simply not true with respect to CRIT.

Defendants acknowledge, as they must, that CRIT's complaint "do[es] not expressly seek monetary relief[.]" *Id.* at 40, n. 20. But Defendants disregard CRIT's status report which stated clearly and categorically that "<u>CRIT does not seek any damages or monetary relief in this Court.</u>" Plaintiff's Status Report at 4 [Dkt. 22] (emphasis added). CRIT says what it means and means what it says. There is no basis for Defendants to contend otherwise, much less to seek dismissal of CRIT's accounting claims by deliberately mischaracterizing them.

**II.     Status of CRIT's Pending Case Before the CFC**

CRIT has asserted the following claims in its pending breach of trust case in the CFC:

    A.     <u>Trust Fund Mismanagement Claims</u>

        1.     Under-Collection Claim.

CRIT's principal asset is its Reservation land, much of which is leased for agricultural or commercial purposes. This claim involves losses allegedly resulting from the Government's failure to collect or deposit all amounts due to CRIT pursuant to applicable regulations and/or lease terms, as well as other revenues the Government was responsible for collecting for CRIT's benefit.

        2.     Funds Mismanagement Claim.

This claim concerns losses resulting from the Government's alleged failure to manage revenues it collected and held for CRIT's benefit appropriately, such as mis-stated or

unaccounted-for receipts of monies, undocumented or invalid disbursements of CRIT's funds, and losses resulting from excessive "lag time" regarding the deposit or disbursement of funds.

        3.     Investment Mismanagement Claim.

This claim concerns losses allegedly resulting from the Government's failure to invest CRIT's trust funds so as to achieve the maximum available return. The rate(s) of return that the Government should have obtained would be used to compute damages not only with respect to the monies actually held in CRIT's trust accounts, but also with respect to the "missing funds" resulting from under-collection and funds mismanagement (i.e., claims 1 and 2, above).

    B.     <u>Other Trust Claims</u>

        1.     Trespass Claims.

CRIT alleges that the Government permitted trespass to occur by failing, or delaying excessively, to remove individuals who unlawfully occupied CRIT's land, *e.g.*, lessees who stopped making payments due under their leases.

        2.     Irrigation Project Claim

This claim concerns CRIT's allegation that the Government has improperly allowed the irrigation system on the Colorado River Indian Reservation to fall into disrepair.

The parties have filed a Joint Preliminary Status Report in the CFC but a discovery schedule and trial date have not yet been set.

It is yet to be seen whether the accounting sought by CRIT in this case will have any practical relevance to CRIT's pending CFC claims. If this Court orders the Government to produce a sufficiently detailed accounting, it will probably not be completed before some or all of the CFC claims are resolved. Conversely, the kind of "accounting" contemplated by the Defendants might well use the sort of limited and generalized analysis employed in the so-called

3

"Arthur Andersen" reports. The utility of such results in the CFC proceedings is questionable. In any event, as is pointed out in Plaintiffs' Principal Brief, the accounting sought in this Court has its own intrinsic value and is not simply an adjunct to CRIT's breach of trust claims.

An accounting may serve as a predicate for CRIT to seek additional relief beyond the confines of the CFC. For example, an accounting might reveal a delinquency in a lessee's payments due under a lease that would entitle CRIT to bring a collection action against the lessee and to collect late fees from it. Or an accounting might reveal lapses in the Government's management of trust assets that are time-barred insofar as relief in the CFC is concerned, but might become the basis for seeking redress from Congress.

More fundamentally, an accounting is an essential tool for a beneficiary to evaluate the trustee's performance of its fiduciary obligations and potentially to make adjustments or improvements in the performance of the trust. While CRIT and other tribes are not free to replace the trustee, in some instances they could take control from the Government of the management of certain trust funds or assets. And they are entitled to lobby both the Executive Branch and Congress to make any changes in the management or operation of the trust that an accounting shows are desirable.

In sum, there are legitimate reasons for CRIT (and the other tribal plaintiffs) to pursue both an accounting action in this Court and a breach of trust action in the CFC. Moreover, the bases for these two actions concern distinct acts and omissions by the Government. The CFC action involves harm that has already occurred and can be redressed through the payment of damages, while the relief sought in this Court concerns an ongoing violation of the Defendants' fiduciary obligation to CRIT. A damages action in the CFC is not an adequate substitute for the accounting sought here.

WHEREFORE it is respectfully submitted that Defendants' motion to dismiss the complaint should be denied.

                    Respectfully submitted,

                    HOLLAND & KNIGHT LLP

By: /s/ Steven D. Gordon
Steven D. Gordon
District of Columbia Bar No. 219287
Lynn E. Calkins
District of Columbia Bar No. 445854
Stephen J. McHugh
District of Columbia Bar No. 485148
Holland & Knight L.L.P.
2099 Pennsylvania Ave. NW, Suite 100
Washington, D.C. 20006
202-955-3000 (phone)
202-955-5564 (fax)

*Counsel for Plaintiff Colorado River Indian Tribes*

Eric N. Shepard
Attorney General
Colorado River Indian Tribes
Route 1, Box 23-B
Parker, Arizona 85344

*Of Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on, July 16, 2008, I electronically transmitted the foregoing PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO DISMISS to the Clerk of the Court, using the ECF systems for filing, and caused the ECF system to transmit a Notice of Electronic Filing to the counsel of record listed on the ECF system for this case.

/s/ Steven D. Gordon
Steven D. Gordon

# 5481284_v1

6